**MILES L. KAVALLER,**
**A PROFESSIONAL LAW CORPORATION**
Miles L. Kavaller, Esq. - SBN 73950
6355 Topanga Canyon Blvd., Suite 518
Woodland Hills, California 91367
Tel.: 818-992-4243
*e*Fax:   (818) 436-5981
E-Mail: mileskavaller@att.net

Attorney for Defendants, KING'S EXPRESS LA, INC., a California corporation; KING'S EXPRESS, INC., a California corporation; KING'S EXPRESS, INC., an Unknown Business Entity and DENNIS MCCORMICK, an Individual.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO-COM PRODUCTS, INC. a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br>KING'S EXPRESS LA, INC., a California corporation; KING'S EXPRESS, INC., a California Corporation; KING'S EXPRESS, INC., an Unknown Business Entity; DENNIS MCCORMICK, an Individual; JOHN VINCENT TARWATER, an individual; and DOES 1 through 25, inclusive,<br><br>　　　　　　Defendants. | CASE NO.<br><br>NOTICE OF REMOVAL<br><br>28 U.S.C. §§1441, et seq. |

　　　TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE PARTIES AND COUNSEL:

　　　PLEASE TAKE NOTICE THAT DEFENDANTS KING'S EXPRESS LA, INC., a California corporation; KING'S EXPRESS, INC., a California corporation; KING'S EXPRESS, INC., an Unknown Business Entity and DENNIS MCCORMICK, an Individual hereby remove

---
NOTICE OF REMOVAL
1

this action now in the Superior Court for the State of California, County of Los Angeles, Central District, Case No. BC710498, PRO-COM PRODUCTS, INC. a California corporation, Plaintiff, vs. KING'S EXPRESS LA, INC., a California corporation; KING'S EXPRESS, INC., a California Corporation; KING'S EXPRESS, INC., an Unknown Business Entity; DENNIS MCCORMICK, an Individual; JOHN VINCENT TARWATER, an individual; and DOES 1 through 25, inclusive, ("the action") to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§1441, et seq. and aver as follows.

1.  According to paragraph 12 of the Complaint, a copy of which is attached hereto, Plaintiff, Pro-Com Products, Inc. ("Pro-Com") hired the defendant Kings Express, Inc. ("Kings"), a motor carrier, to transport its cargo in interstate commerce. According to paragraph 13 of the Complaint, between September 1, 2017 through December 2017, Kings contracted with various 3rd party "shippers" (understood to mean the carriers which were to transport its cargo), brokers, and consignees located throughout the United States to secure motor vehicle transportation of property in commerce. Further, according to paragraph 14 of the Complaint, in or about November 2017 Kings, et al. stopped and caused all shipment of Plaintiff's products to cease. Pro-Com seeks damages of $1,239,808.12 based on California state law causes of action for fraud and deceit, negligent misrepresentation, breach of contract, conversion and negligence.

2.  The gravaman of Pro-Com's Complaint is contained in its breach of contract cause of action in paragraphs 30-33 where, as here pertinent, it is alleged as follows:

> " 30.   In or about September 2017 through December 2017, Plaintiff entered into written contract with KJNGS, whereby KINGS agreed to perform trucking and related services with an agreed delivery date.  Plaintiff would receive a purchase order ("PO") from Plaintiff's customer and process the PO for shipment with a bill of lading ("BOL").  A shipping invoice would. be created  after Plaintiff's goods ("Goods") were picked up by KINGS.  (collectively "Contracts").
>
> 32.   KINGS breached the contract and failed to perform its promises and obligations in

that it failed to perform the trucking aud related services requested by Plaintjff. KINGS failed to perform the trucking services in a timely manner, and also failed to deliver goods to the destination - in some cases keeping or abandoning the Goods itself: However, KINGS invoiced and billed Plaintiff as if KINGS had properly performed the requested services.

33. As a proximate result of the acts and omissions of KINGS, Plaintiff has been injured and damaged in excess of $1,239,808.12.

3. The action arises under the Carmack Amendment in 49 U.S.C. §14706(a), the federal law governing liability of motor carriers and forwarders for loss, damage or delay to cargo transported in interstate commerce. This United States District Court has federal question and commerce jurisdiction over the subject matter under 28 U.S.C. §§1331 and 1337 and the action is therefore removable under 28 U.S.C. §§1441, *et seq*. See for example, *White v Mayflower Transit, L.L.C.* 543 F.3d 581 (9th Cir. 2008).

4. The removal is timely as it is within 30 days of the filing of the action in the Los Angeles Superior Court.

5. Venue is proper because the parties conduct business in this in the district.

6. All of the named parties with the exception of defendant John Vincent Tarwater are represented by the undersigned counsel and consent to the removal. The Court is advised that Mr. Tarwater also consents to the removal.

Dated: July 11, 2018

**MILES L. KAVALLER,**
**A PROFESSIONAL LAW CORP.**

By:_____
Miles L. Kavaller, Esq.
Attorney for Defendants, KING'S EXPRESS LA, INC., a California corporation; KING'S EXPRESS, INC., a California corporation; KING'S EXPRESS, INC., an Unknown Business Entity and DENNIS MCCORMICK, an Individual.

---

NOTICE OF REMOVAL
3

# EXHIBIT

Dept. # 28  Assigned Palazuelos

1  James H. Park, State Bar No. 193203
   525 Parriott Place
2  City of Industry, California 91745
   Telephone: 626.322.2147
3  Facsimile: 626.322.2148
   Email: jamespark.legalcounsel@gmail.com
4
   Attorney for Plaintiff, Pro-Com Products, Inc.
5

**FILED**
Superior Court of California
County of Los Angeles

JUN 25 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By_____, Deputy
           Jenny Tang

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL DISTRICT - UNLIMITED JURISDICTION

| | |
|---|---|
| PRO-COM PRODUCTS, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KING'S EXPRESS LA, INC., a California Corporation; KING'S EXPRESS, INC., a California Corporation; KING'S EXPRESS, INC., an Unknown Business Entity; DENNIS MCCORMICK, an Individual; JOHN VINCENT TARWATER, an Individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **BC710498**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. DECEIT/FRAUD<br>2. NEGLIGENT MISREPRESENTATION<br>3. BREACH OF CONTRACT<br>4. CONVERSION<br>5. NEGLIGENCE<br><br>**DEMAND FOR JURY TRIAL** |

Comes now plaintiff, Pro-Com Products, Inc., and complains of defendants and each of them, and alleges as follows:

### GENERAL ALLEGATIONS

1. At all times relevant herein, plaintiff, Pro-Com Products, inc. ("Plaintiff") was and is a California corporation organized under the laws of the State of California, with its principal place of business in Los Angeles County, California.

2. Plaintiff is informed and believes and on that basis alleges that at all times relevant herein, defendant, KING'S EXPRESS LA, INC., was and is a California corporation organized under the laws of the State of California, which entity did and does business in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes and on that basis alleges that at all times relevant herein, defendant, KING'S EXPRESS, INC., was and is a California corporation organized under the laws of the State of California, which entity did and does business in the County of Los Angeles, State of California.

4. Plaintiff is informed and believes and on that basis alleges that at all times relevant herein, defendant, KING'S EXPRESS, was and is a business entity of form unknown to plaintiff, which entity did and does business in the County of Los Angeles, State of California.

5. Plaintiff is informed and believes and on that basis alleges that defendant, DENNIS MCCORMICK is a natural person who did and does business in the County of Los Angeles, State of California.

6. Plaintiff is informed and believes and on that basis alleges that defendant, JOHN VINCENT TARWATER is a natural person who did and does business in the County of Los Angeles, State of California.

7. The contracts alleged herein were entered into and payment was to be performed in the county of Los Angeles, State of California. The acts and omissions alleged herein were directed to, the contracts alleged herein entered into and to be performed in, the injuries and damages alleged herein were suffered in, and evidence of and witnesses to plaintiff's allegations herein are located in, the County of Los Angeles, State of California.

8. Plaintiff does not know the true names and/or capacities of defendants, DOES 1 through 25, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to insert their true names and/or capacities when the same have been ascertained. Plaintiff is informed and believes, and upon such information and belief alleges

that, each such fictitiously named defendant is responsible for plaintiff's damages and injuries, and subject to the relief sought by plaintiff in this complaint.

9. Plaintiff is informed and believes, and upon such information and belief alleges, that defendants, and each of them, at all times mentioned herein are, and were, the agents, servants, partners, co-conspirators, alter egos and/or employees of one another. Plaintiff is further informed and believes, and thereon alleges that each of the defendants at all times herein mentioned are, and were, acting within the course and scope of, and pursuant to, such agency, partnership and/or employment with the consent, express and/or implied, of all of the other defendants, and each of them.

## COMMON FACTUAL ALLEGATIONS

10. At all times relevant herein, defendant, DENNIS MCCORMICK ("MCCORMICK") was and is the chief executive officer for KING'S EXPRESS LA, INC., a California Corporation; KING'S EXPRESS, INC., a California Corporation; KING'S EXPRESS,INC. an Unknown Business Entity, (collectively hereinafter "KINGS") and defendant, JOHN VINCENT TARWATER ("TARWATER"), was and is the president for King's Express LA, Inc,. Defendants MCCORMICK and TARWATER ("DEFENDANT PRINCIPALS")worked for KINGS, which authorized DEFENDANT PRINCIPALS to make the representations alleged herein, to fail to make the disclosures alleged herein to have not been made, and to act as alleged herein.

11. KINGS ratified such acts of each DEFENDANT PRINCIPALS, and both KINGS and DEFENDANT PRINCIPALS benefitted financially from the transaction alleged herein including but not limited to an increased fees, payments and charges.

12. In or about September 2017 through December 2017, DEFENDANT PRINCIPALS orally represented to Plaintiff and to Plaintiff's employees that KINGS was a motor carrier in the business of providing motor vehicle transportation for compensation. DEFENDANT PRINCIPALS also represented that KINGS would provide KINGS' trucks for

delivery of Plaintiff's products, and that KINGS was not a trucking broker. (collectively "REPRESENTATIONS")

13. Contrary to the REPRESENTATIONS, during the relevant time period of September 1, 2017 through December 2017, KINGS contracted with various 3rd party shippers, brokers, and consignees located throughout the United States to secure for KINGS motor vehicle transportation of property in commerce.

14. On information and belief Plaintiff's allege on or about November 2017 KINGS and DEFENDANT PRINCIPALS stopped and caused to cease all shipment of Plaintiff's products.

15. As a direct and proximate result of the act and omissions of defendants and each defendant, Plaintiff has been injured and suffered damages including but not limited to the amount of $1,239,808.12 as follows:

   a. Out of pocket costs incurred to mitigate damages of in the amount of $32,874.91;
   b. Lost goods and inventory in the amount of $1,075,486.13;
   c. Late charges, costs and chargebacks in the amount of $107,112.08;
   d. Unjust enrichment for amounts paid in the amount of $24,335.00;
   e. Lost profits from returns and cancellations for undelivered and late delivered goods;
   f. Lost use of and interest on the lost profits, late charges, other penalties, and out of pocket costs to cover transportation and related services;
   g. Lawful interest rate of 10%;
   h. Cost of suit.

///
///
///
///

# FIRST CAUSE OF ACTION
# FOR DECEIT/FRAUD
# BY PLAINTIFF AGAINST
# ALL DEFENDANTS AND DOES 1 THROUGH 25, INCLUSIVE

16. Plaintiff refers to and incorporate paragraphs 1 through 15, inclusive, hereinabove, as if fully set forth here at, seriatim.

17. As alleged herein, defendants and each defendant made representations to plaintiff. Each representation was false. At the time that they made each representation, defendants and each defendant knew the representation to be false. Defendants and each defendant made each representation with the intent to deceive plaintiff and with the intent to induce plaintiff to act in reliance thereon.

18. As alleged herein, defendants and each defendant intentionally and actively concealed each material fact from plaintiff. Defendants and each defendant did so with the intent to deceive plaintiff and with the intent to induce plaintiff to act in reliance upon plaintiff's ignorance thereof.

19. Plaintiff was ignorant of the falsity of each representation, and believed each to be true. In justifiable reliance on each representation, plaintiff was induced to act as alleged herein. Plaintiff would not have so acted if plaintiff had not relied upon each representation. Plaintiff would not have so acted if plaintiff had known of the falsity of each representation.

20. Plaintiff was unaware of each material fact that defendants and each defendant did not disclose to plaintiff. Plaintiff could not have reasonably discovered each material fact. In justifiable reliance on plaintiff's ignorance of each material fact, plaintiff was induced to act as alleged herein. Plaintiff would not have so acted if plaintiff had known of the existence of each material fact.

21. As a direct and proximate result of defendants' and each defendant's deceit, plaintiff has been injured and damaged as alleged herein.

22. The conduct of the defendants and each defendant was oppressive, fraudulent, or malicious, so as to justify the imposition of exemplary or punitive damages pursuant to section 3294 of the California Civil code.

SECOND CAUSE OF ACTION
FOR NEGLIGENT MISREPRESENTATION
BY PLAINTIFF AGAINST ALL AND DOES 1 THROUGH 25, INCLUSIVE

23. Plaintiff refers to and incorporate paragraphs 1 through 15, inclusive, hereinabove, as if fully set forth here at, seriatim.

24. As alleged herein, defendants and each defendant made representations to plaintiff. Each representation was false. At the time that they made each representation, defendants and each defendant had no basis to believe the representation to be true. Defendants and each defendant made each representation with the intent to deceive plaintiff and with the intent to induce plaintiff to act in reliance thereon.

25. As alleged herein, defendants and each defendant negligently failed to disclose each material fact from plaintiff. Defendants and each defendant did so with the intent to deceive plaintiff and with the intent to induce plaintiff to act in reliance upon plaintiff's ignorance thereof.

26. Plaintiff was ignorant of the falsity of each representation, and believed each to be true. In justifiable reliance on each representation, plaintiff was induced to act as alleged herein. Verily, plaintiff would not have so acted if plaintiff had not relied upon each representation. Plaintiff would not have so acted if plaintiff had known of the falsity of each representation.

27. Plaintiff was unaware of each material fact that defendants and each defendant did not disclose to plaintiff. Plaintiff could not have reasonably discovered each material fact. In justifiable reliance on plaintiff's ignorance of each material fact, plaintiff was induced to act as

13:54:30 2018-06-25

alleged herein. Verily, plaintiff would not have so acted if plaintiff had known of the existence of each material fact.

28.  As a direct and proximate result of defendants' and each defendant's negligent misrepresentation, plaintiff has been injured and damaged as alleged herein.

### THIRD CAUSE OF ACTION
### FOR BREACH OF CONTRACT
### BY PLAINTIFF AGAINST KINGS EXPRESS LA, INC., KINGS EXPRESS, INC. AND KINGS EXPRESS AND DOES 1 THROUGH 25, INCLUSIVE

29.  Plaintiff refers to and incorporate paragraphs 1 through 15, inclusive, hereinabove, as if fully set forth here at, seriatim.

30.  In or about September 2017 through December 2017, Plaintiff entered into written contract with KINGS, whereby KINGS agreed to perform trucking and related services with an agreed delivery date. Plaintiff would receive a purchase order ("PO") from Plaintiff's customer and process the PO for shipment with a bill of lading ("BOL"). A shipping invoice would be created after Plaintiff's goods ("Goods") were picked up by KINGS. (collectively "Contracts")

31.  Plaintiff has performed all conditions, covenants and promises required to be performed by it in accordance with the terms and conditions of said Contracts, and is excused from nonperformance of any conditions, covenants and promises which it has not performed. Plaintiff has fully paid KINGS for all trucking and related services which Plaintiff requested from KINGS.

32.  KINGS breached the contract and failed to perform its promises and obligations in that it failed to perform the trucking and related services requested by Plaintiff. KINGS failed to perform the trucking services in a timely manner, and also failed to deliver goods to the destination – in some cases keeping or abandoning the Goods itself. However, KINGS invoiced and billed Plaintiff as if KINGS had properly performed the requested services.

33.  As a proximate result of the acts and omissions of KINGS, Plaintiff has been injured and damaged in excess of $1,239,808.12 as follows:

   a. Out of pocket costs incurred to mitigate damages of in the amount of $32,874.91;

   b. Lost goods and inventory in the amount of $1,075,486.13;

   c. Late charges, costs and chargebacks in the amount of $107,112.08;

   d. Unjust enrichment for amounts paid in the amount of $24,335.00;

   e. Lost profits from returns and cancellations for undelivered and late delivered goods;

   f. Lost use of and interest on the lost profits, late charges, other penalties, and out of pocket costs to cover transportation and related services;

   g. Lawful interest rate of 10%;

## FOURTH CAUSE OF ACTION
## FOR CONVERSION
## BY PLAINTIFF AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 25, INCLUSIVE

34. Plaintiff refers to and incorporate paragraphs 1 through 33 inclusive, hereinabove, as if fully set forth here at, seriatim.

35. At all relevant times herein, Plaintiff had the right of ownership and possession of the Goods and other personal property belonging to it.

36. During the latter part of 2017 through present, inclusive KINGS and DEFENDANT PRINCIPALS (DEFENDANTS) wrongfully stolen, taken or disposed of, or otherwise converted said Goods and personal property to the exclusion of Plaintiff.

37. As a proximate result of DEFENDANTS' and each defendant's conversion, Plaintiff has been injured and damaged, in that its Goods and personal property have been withheld from it by KINGS, in excess of the minimum jurisdiction of the Court, and suffered additional injuries and damages as follows:

   a. Out of pocket costs incurred to mitigate damages of in the amount of $32,874.91;

   b. Lost goods and inventory in the amount of $1,075,486.13;

8
Complaint

    c. Late charges, costs and chargebacks in the amount of $107,112.08;

    d. Unjust enrichment for amounts paid in the amount of $24,335.00;

    e. Lost profits from returns and cancellations for undelivered and late delivered goods;

    f. Lost use of and interest on the lost profits, late charges, other penalties, and out of pocket costs to cover transportation and related services;

38. The conduct of the defendants and each defendant was oppressive, fraudulent, or malicious, so as to justify the imposition of exemplary or punitive damages pursuant to section 3294 of the California Civil code.

FIFTH CAUSE OF ACTION<br>FOR NEGLIGENCE<br>BY PLAINTIFF AGAINST<br>ALL DEFENDANTS AND DOES 1 THROUGH 25, INCLUSIVE

39. Plaintiff refers to and incorporate paragraphs 1 through 33 inclusive, hereinabove, as if fully set forth here at, seriatim.

40. At all times relevant herein, during the latter portion of 2017 through present, inclusive, Plaintiff entrusted Goods and personal property belonging to it to the care of Defendants, which had a duty of reasonable care to avoid injury and harm to the Goods and personal property of Plaintiff.

41. Defendants and each of them negligently failed to exercise reasonable care and the Goods and other personal property Plaintiff has performed all acts and duties required to be performed by plaintiff under the contract, or is excused from further performance under the contract.

42. As a proximate result of Defendants' and each defendant's negligence, Plaintiff has been injured and damaged, in that its Goods and personal property are now delayed, missing or otherwise lost in excess of the minimum jurisdiction of the Court, and suffered additional injuries and damages as follows:

a. Out of pocket costs incurred to mitigate damages of in the amount of $32,874.91;

b. Lost goods and inventory in the amount of $1,075,486.13;

c. Late charges, costs and chargebacks in the amount of $107,112.08;

d. Unjust enrichment for amounts paid in the amount of $24,335.00;

e. Lost profits from returns and cancellations for undelivered and late delivered goods;

f. Lost use of and interest on the lost profits, late charges, other penalties, and out of pocket costs to cover transportation and related services;

WHEREFORE, plaintiff prays for judgment against Defendants, and each of them, as follows:

<u>AS TO THE ALL CAUSES OF ACTION:</u>

1. General damages according to proof;

2. Pre-judgment interest thereon;

<u>ADDITIONALLY, AS TO THE FIRST AND FOURTH CAUSES OF ACTION:</u>

3. For exemplary or punitive damages;

<u>AND, ADDITIONALLY, AS TO ALL CAUSES OF ACTION:</u>

4. For costs of suit herein, including but not limited to attorney's fees under statute for open book account;

5. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

Dated: June 25, 2018

Pro-com Products, Inc.

By: _____
James H. Park
Attorney for Plaintiff
Pro-Com Products, Inc.
a California corporation

11
Complaint

13:54:30 2018-06-25

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James H. Park CSBN #193203<br>525 Parriott Place<br>City of Industry, CA 91745 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 25 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By _____, Deputy<br>Jenny Tang |
| TELEPHONE NO.: 626.322.2147  FAX NO.: 626.322.2148 | |
| ATTORNEY FOR (Name): Pro-Com Products, Inc., a California corporation | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
 STREET ADDRESS: 111 N. Hill St.
 MAILING ADDRESS: Same
 CITY AND ZIP CODE: Los Angeles, CA 90012
 BRANCH NAME: Stanley Mosk Courthouse Central District

CASE NAME: Pro-Com Products, Inc. vs. King's Express LA, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC710498<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[✓] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): Five (5)
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 25, 2018
James H. Park
(TYPE OR PRINT NAME)  ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

13:54:30 2018-06-25



| SHORT TITLE: Pro-Com Products, Inc. vs. King's Express LA, Inc., et al. | CASE NUMBER BC710498 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LACIV 109 (Rev 2/16) LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION | Local Rule 2.3 Page 1 of 4 |
|---|---|---|

13:54:30 2018-06-25



| SHORT TITLE: Pro-Com Products, Inc. vs. King's Express LA, Inc., et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☒ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☒ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☒ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)         **CIVIL CASE COVER SHEET ADDENDUM**         Local Rule 2.3
LASC Approved 03-04              **AND STATEMENT OF LOCATION**            Page 2 of 4

13:54:30 2018-06-25

| SHORT TITLE: Pro-Com Products, Inc. vs. King's Express LA, Inc., et al. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement<br>of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

13:54:30 2018-06-25

| SHORT TITLE: Pro-Com Products, Inc. vs. King's Express LA, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br><br> ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: <br> 12910 Mulberry Drive, Unit B |
|---|---|
| CITY: Whittier | STATE: CA | ZIP CODE: 90602 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central District__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 25, 2018

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)     **CIVIL CASE COVER SHEET ADDENDUM**     Local Rule 2.3
LASC Approved 03-04     **AND STATEMENT OF LOCATION**     Page 4 of 4

13:54:30 2018-06-25