1  Ira G. Rivin (State Bar No. 62530)
   irivin@rutan.com
2  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Suite 1400
3  Costa Mesa, California 92626-1931
   Telephone: 714-641-5100
4  Facsimile: 714-546-9035

5  Attorneys for Defendants, Crossclaim Plaintiffs,
   and Third-Party Plaintiffs KINGS EXPRESS LA,
6  INC., and JOHN VINCENT TARWATER

7

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  PRO-COM PRODUCTS, INC. a California Corporation, | Case No. 2:18-cv-06035 DMG (SKx) |
| 11          Plaintiff, | District Judge Dolly M. Gee<br>Magistrate Judge Steve Kim |
| 12     vs. | **AMENDED ANSWER, CROSSCLAIM AND THIRD-PARTY COMPLAINT** |
| 13  KING'S EXPRESS LA, INC., a California Corporation; KING'S EXPRESS, INC., a California Corporation; KING'S EXPRESS, INC., an Unknown Business Entity; DENNIS MCCORMICK, an Individual; JOHN VINCENT TARWATER, an Individual; and DOES 1 through 25, inclusive, | **[Demand for Jury Trial]** |
| 18          Defendants. | |
| 19  KINGS EXPRESS LA, INC., a California corporation; and JOHN VINCENT TARWATER, an individual, | |
| 21          Crossclaim Plaintiffs and Third-Party Plaintiffs, | |
| 22     vs. | |
| 23  DENNIS MCCORMICK, an individual, | |
| 24          Crossclaim Defendant, and | |
| 25  KINGS EXPRESS, INC., a Minnesota corporation | |
| 27          Third-Party Defendant | |

Defendants Kings Express LA, Inc., a California corporation ("Kings LA"), and John Vincent Tarwater, an individual ("Tarwater"), for themselves alone, submit the following (1) Amended Answer and (2) Crossclaim and Third-Party Complaint in this action:

## AMENDED ANSWER TO COMPLAINT

### Answers To Allegations In Complaint

1. Answering paragraph 1, Kings LA and Tarwater lack information and belief sufficient to answer or deny the allegations therein and, on that basis, deny such allegations.

2. Answering paragraph 2, Kings LA and Tarwater admit the allegations contained therein.

3. Answering paragraph 3, Kings LA and Tarwater deny the allegations contained therein.

4. Answering paragraphs 4 and 5, Kings LA and Tarwater lack information and belief sufficient to answer or deny the allegations therein and, on that basis, deny such allegations.

5. Answering paragraph 6, Kings LA and Tarwater admit the allegations contained therein.

6. Answering paragraphs 7 and 8, Kings LA and Tarwater lack information and belief sufficient to answer or deny the allegations therein and, on that basis, deny such allegations.

7. Answering paragraph 9, Kings LA and Tarwater deny the allegations contained therein.

8. Answering paragraph 10, Kings LA and Tarwater:

    a. Admit that Dennis McCormick ("McCormick") was designated as Kings LA's chief executive officer but deny that he acted in that capacity – whether in connection with any of the actions alleged in the Complaint or otherwise;

    b. Admit that Tarwater was and is the president of Kings LA; and

    c. Deny the remaining allegations contained therein.

9. Answering paragraph 11, Kings LA and Tarwater deny the allegations contained therein.

10. Answering paragraph 12, Kings LA and Tarwater:

    a. Admit that Tarwater represented to Plaintiff that Kings Express, Inc. ("Kings") was a motor carrier in the business of providing motor vehicle transportation for compensation; and

    b. Deny the remaining allegations contained therein.

11. Answering paragraphs 13 through 15, Kings LA and Tarwater deny the allegations contained therein.

12. Answering paragraph 16, Kings LA and Tarwater incorporate their answers to paragraphs 1 through 15 of the Complaint.

13. Answering paragraphs 17 through 22, Kings LA and Tarwater deny the allegations contained therein.

14. Answering paragraph 23, Kings LA and Tarwater incorporate their answers to paragraphs 1 through 15 of the Complaint.

15. Answering paragraphs 24 through 28, Kings LA and Tarwater deny the allegations contained therein.

16. Answering paragraph 29, Kings LA and Tarwater incorporate their answers to paragraphs 1 through 15 of the Complaint.

17. Answering paragraphs 30 through 33, Kings LA and Tarwater lack information and belief sufficient to answer or deny the allegations contained therein and, on that basis, deny such allegations.

18. Answering paragraph 34, Kings LA and Tarwater incorporate their answers to paragraphs 1 through 33 of the Complaint.

19. Answering paragraph 35, Kings LA and Tarwater lack information and belief sufficient to answer or deny the allegations therein and, on that basis, deny such allegations.

20. Answering paragraphs 36 through 38, Kings LA and Tarwater deny the allegations contained therein.

21. Answering paragraph 39, Kings LA and Tarwater incorporate their answers to paragraphs 1 through 33 of the Complaint.

22. Answering paragraphs 40 through 42, Kings LA and Tarwater deny the allegations contained therein.

## Separate Affirmative Defenses

### First Affirmative Defense

### (Estoppel)

23. Plaintiff, by its conduct or the conduct of its agents, is estopped from obtaining the relief sought in the Complaint, or any relief whatsoever, from Kings LA and Tarwater, or either of them.

### Second Affirmative Defense

### (Waiver)

24. Plaintiff, by its conduct or the conduct of its agents, has waived any right to the relief it seeks in the Complaint, or any relief whatsoever, against Kings LA and Tarwater, or either of them.

### Third Affirmative Defense

### (Failure to Mitigate)

25. Any damages allegedly sustained by Plaintiff were caused by Plaintiff's (or its agents') own failure to use reasonable means to mitigate such damages and thereby avoid (or at least minimize) such damages.

### Fourth Affirmative Defense

### (Failure to State Claim)

26. The Complaint, and each cause of action contained therein, fail to state facts sufficient to constitute a valid claim for relief against Kings LA and Tarwater, or either of them.

### Fifth Affirmative Defense
### (Excuse of Performance)

27. Any obligations of Kings LA or Tarwater to Pro-Com as alleged in the Complaint were excused due to intervening or supervening causes, including without limitation the actions of McCormick and Kings Express Inc., a Minnesota corporation ("KEI") that resulted in the alleged failure of Pro-Com's product to be timely delivered to its designated destinations.

### Sixth Affirmative Defense
### (Comparative Fault)

28. To the extent Pro-Com recovers any damages against Kings LA or Tarwater, or either of them, based on the allegations set forth in the Complaint, the amount of such damages must be allocated proportionally based on the relative fault, if any, of Kings LA or Tarwater versus the fault of McCormick and KEI.

### Prayer For Relief

WHEREFORE, these answering defendants pray that the Court enter judgment on the Complaint:

1. Denying Plaintiff the relief sought in the Complaint, or any relief whatsoever, against of Kings LA or Tarwater;

2. Awarding Kings LA and Tarwater their costs of suit;

3. Awarding Kings LA and Tarwater their reasonable attorneys' fees to the extent permitted by law; and

4. For such other and further relief as the Court deems just and proper.

### CROSSCLAIM AND THIRD-PARTY COMPLAINT

1. This Crossclaim and Third-Party Complaint seeks relief in favor of Kings Express LA, Inc., a California corporation ("Kings "LA") and John Vincent Tarwater, an Individual ("Tarwater"), as Crossclaim Plaintiffs and Third-Party Plaintiffs, against (a) Dennis McCormick, an Individual ("McCormick"), as Crossclaim Defendant, and (b) Kings Express, Inc., a Minnesota corporation

("KEI"), as Third-Party Defendant.

## Parties

2. Kings LA is a corporation organized and existing under the laws of the State of California, with its principal place of business in Mission Viejo, California. During the time of the events described in the Complaint in this action, Kings LA acted as a shipping broker working with shippers and carriers.

3. Tarwater is an individual and resident of Orange County, California.

4. McCormick is an individual and resident of Orange County, California.

5. KEI is a corporation organized and existing under the laws of the State of Minnesota, and whose operations during the time of the events described in the Complaint were based primarily in St. Cloud, Minnesota. KEI also did business during said time period in Los Angeles County, California.

## Jurisdiction and Venue

6. This action arises under the Carmack Amendment set forth in 49 U.S.C. §14706(a), the federal law governing liability of motor carriers and forwarders for loss, damage or delay to cargo transported in interstate commerce. This Court therefore has federal question jurisdiction over the subject matter of the action under 28 U.S.C. §§1331 and 1337.

7. Venue is proper in this judicial district pursuant to Section 1391 of Title 28 of the United States Code.

## First Claim for Relief

**(Implied Equitable Indemnity Against McCormick and KEI)**

8. Kings LA and Tarwater incorporate by reference the allegations set forth in paragraphs 1 through 7 of this Crossclaim and Third-Party Complaint, as though fully set forth herein.

9. During the time of the events described in the Complaint in this action, Kings LA (as a broker) utilized the services of KEI as a carrier to ship products belonging to Kings LA's customers. To the extent a court awards Pro-Com

damages against Kings LA and Tarwater, or either of them, based upon the untimely delivery or non-delivery of Pro-Com's products, such damages (if any) are a direct result of McCormick's and KEI's failure to perform their duties as carrier to Kings LA.

10. In defending against Pro-Com's claims, Kings LA and Tarwater have incurred, and continue to incur, necessary and reasonable attorney's fees and other legal costs. Kings LA and Tarwater do not know the full amount of such fees and costs at this time and will seek leave to amend this Crossclaim and Third-Party Complaint if necessary to state said amount when it becomes known.

11. Kings LA and Tarwater are entitled to equitable indemnity from McCormick and KEI for any and all damages, liabilities, losses, fees and costs incurred by Kings LA and Tarwater, or either of them, in connection with this action.

## Second Claim for Relief

**(Tort of Another against McCormick and KEI)**

12. Kings LA and Tarwater incorporate by reference the allegations set forth in paragraphs 1 through 11 of this Crossclaim and Third-Party Complaint, as though fully set forth herein.

13. Without admitting the validity of any of the claims alleged in the Complaint in this action, Kings LA and Tarwater assert they have been included as defendants in this action solely as a result of the actions of McCormick and KEI.

14. To the extent the court finds Pro-Com to have sustained any damages and be entitled to any recovery against Kings LA and Tarwater, or either of them, such damages resulted not from any wrongful act or omission on the part of Kings LA or Tarwater, but rather was caused by, and is entirely attributable to, the tortious acts and omissions of McCormick and KEI.

15. As a direct result of McCormick's and KEI's actions as alleged above, Kings LA and Tarwater have been forced to incur, and continue to incur, necessary

and reasonable attorney's fees and other legal costs.  Kings LA and Tarwater do not know the full amount of such fees and costs and will seek leave to amend this Crossclaim and Third-Party Complaint if necessary to state the amount when it becomes known.

16. As a result of McCormick's and KEI's tortious acts, Kings LA and Tarwater are entitled to be indemnified by McCormick and KEI for any and all damages, liabilities, losses, fees and costs incurred by Kings LA and Tarwater, or either of them, in connection with this action.

## **Prayer for Relief**

Kings LA and Tarwater pray for relief on this Crossclaim and Third-Party Complaint as follows:

<u>On the First Claim for Relief (Implied Equitable Indemnity)</u>

1. For defense and indemnity from damage, liability, and loss incurred as herein alleged.

2. For attorney's fees as permitted by law.

<u>On the Second Claim for Relief (Tort of Another)</u>

3. For defense and indemnity from damage, liability, and loss incurred as herein alleged.

4. For attorney's fees as permitted by law.

/ / /

/ / /

<u>On All Claims for Relief</u>

5. For costs of suit herein incurred.

6. For such other and further relief as the court may deem proper.

Dated: August 6, 2018

RUTAN & TUCKER, LLP
IRA G. RIVIN

By: /s/ Ira G. Rivin

Ira G. Rivin
Attorneys for Defendants, Crossclaim Plaintiffs, and Third-Party Plaintiffs KINGS EXPRESS LA, INC., and JOHN VINCENT TARWATER

Defendants, Crossclaim Plaintiffs, and Third-Party Plaintiffs Kings Express LA, Inc., and John Vincent Tarwater demand a jury trial in this action.

Dated: August 6, 2018

RUTAN & TUCKER, LLP
IRA G. RIVIN

By: /s/ Ira G. Rivin

Ira G. Rivin
Attorneys for Defendants, Crossclaim Plaintiffs, and Third-Party Plaintiffs KINGS EXPRESS LA, INC., and JOHN VINCENT TARWATER