Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:** IN CHAMBERS - ORDER RE MOTION TO REMAND [16]; MOTION TO STRIKE AMENDED NOTICE OF REMOVAL [18]; MOTION TO DISMISS [19]; MOTION TO WITHDRAW, QUASH SERVICE OF PROCESS, AND SUBSTITUTE PARTY [20]

Currently before the Court are the following motions: (1) Plaintiff's Motion to Remand; (2) Plaintiff's Motion to Strike the Amended Notice of Removal; (3) Defendant McCormick's Motion to Dismiss; (4) attorney Kavaller's Motion to Withdraw; (5) a Motion to Quash Service of Process filed by Kavaller and McCormick; and (6) a Motion to Substitute Parties filed by McCormick and Kavaller. For the reasons that follow, the Court **DENIES** Plaintiff's Motions to Remand and Strike, **DENIES** McCormick's and Kavaller's Motions to Quash Service and Substitute Parties, **GRANTS** Kavaller's Motion to Withdraw, and **GRANTS** McCormick's Motion to Dismiss with leave for Plaintiff to amend the Complaint.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

On June 25, 2018, Plaintiff Pro-Com Products, Inc. filed a complaint in Los Angeles County Superior Court against Defendants King's Express LA, Inc, a California corporation, King's Express, Inc., a California corporation, King's Express, Inc., and Unknown Business Entity, Dennis McCormick, and Vincent Tarwater. The Complaint alleged: (1) deceit/fraud, (2) negligent misrepresentation, (3) breach of contract, (4) conversion, and (5) negligence. Amended Notice of Removal, Exhibit A ("Complaint") [Doc. # 11]. Plaintiffs' claims all arise from an alleged breach of a contract between the parties whereby Defendants agreed to perform trucking services on behalf of Plaintiff and then failed to perform those services. *Id.* ¶¶ 30-33.

On July 5, 2018, Miles Kavaller, an attorney, informed Plaintiff's counsel he would accept service of process by email on behalf of McCormick and "Kings Express, Inc.," without specifying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6035 DMG (SKx)** | Date | October 22, 2018 |
|---|---|---|---|
| Title | *Pro-Com Products, Inc. v. Kings Express LA, Inc., et al.* | Page | 2 of 14 |

which Kings Express, Inc. he meant and without requesting clarification from Plaintiff. Amended Notice of Removal ("ANOR") [Doc. # 11 at 3].

On July 11, 2018, McCormick filed a Notice of Removal to this Court on the basis of federal question jurisdiction. Notice of Removal ("NOR") [Doc. # 1]. The NOR stated that Kavaller represented "all of the named parties with the exception of" Tarwater. NOR at 3. Eight days later, McCormick sought to correct several representations in the NOR by filing the ANOR on July 19, 2018. Notably, the ANOR indicated that although Plaintiff named Kings Express, Inc, a California Corporation ("KEI CA"), in its Complaint, KEI CA is not, in fact, the entity implicated in Plaintiff's allegations. ANOR at 4. According to McCormick, the appropriate entity—the corporation that in fact contracted to provide services for Plaintiff—is Kings Express, Inc., a Minnesota corporation ("KEI MN"), which is not a named defendant in this case. *Id.* KEI CA "had nothing whatsoever to do with the events alleged in the Complaint," and has been suspended by the California Secretary of State under California Revenue and Taxation Code section 23301 and California Corporations Code section 2205(a). *Id.*; Mem. of Points and Authority for Motion for Remand ("Remand Motion") [Doc. # 16 at 12-23]).

The ANOR further states, and Plaintiff does not appear to dispute, that Defendant Kings Express, Inc., an Unknown Business Entity, has not yet been served. ANOR at 4-5. Defendants McCormick, Kings Express LA, and Tarwater do not dispute service and all consent to the case's removal to this Court. ANOR at 4-5.

Plaintiff then filed its Remand Motion and a Motion to Strike Amended Notice of Removal and Notice to Withdraw as Counsel ("Motion to Strike"). The Remand Motion asserted that (1) removal was improper because KEI CA was a suspended corporation and therefore could not consent to removal, and (2) this Court does not have subject matter jurisdiction over the dispute. Remand Motion at 12-18, 19-22.

Along with opposing the Remand Motion and Motion to Strike, McCormick filed a Motion to Dismiss Complaint for Failure to State a Claim, and McCormick and Kavaller filed a tripartite Motion to Be Relieved as Counsel for Defendant Kings Express, Inc, a California Corporation, Quash Service of Process on Defendant Kings Express, Inc., a California Corporation *Nunc Pro Tunc*, and Substitute Kings Express, Inc., a Minnesota Corporation in Lieu of Defendant King's Express, Inc, an Unknown Business Entity ("Motion to Withdraw, Quash, and Substitute"). The Court will address each motion in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-6035 DMG (SKx) | Date | October 22, 2018 |
|---|---|---|---|
| Title | *Pro-Com Products, Inc. v. Kings Express LA, Inc., et al.* | Page | 3 of 14 |

## II.
## MOTION TO STRIKE AMENDED NOTICE OF REMOVAL

Shortly after the ANOR was filed, Plaintiff moved to strike it. Motion to Strike [Doc. # 18]. The basis for the Motion to Strike is Plaintiff's position that McCormick's ANOR went beyond simply amending defects in the original NOR, and advanced substantive arguments that would more appropriately be asserted in formal motions to quash service on KEI CA and to withdraw as counsel. *See* Motion to Strike at 3-4. Plaintiff claims that without resolution of those issues in formal motions, Plaintiff was unable to fully respond to the ANOR. *Id.* at 6-7.

Federal Rule of Civil Procedure 12(f) allows the Court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014); *see also Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) ("Motions to strike are generally disfavored and 'should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation . . .'"). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Holmes*, 966 F. Supp. 2d at 930; *see also Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

Since Plaintiff filed the Motion to Strike, the parties have engaged in substantial briefing on the issues of service upon KEI CA and Kavaller's request to withdraw as KEI CA's counsel. Plaintiff has had ample opportunity to address those issues and their implication on removal in this case. The Court's conclusions on those issues are set forth below. The Court therefore exercises its discretion to **DENY** Plaintiff's Motion to Strike.

## III.
## MOTION TO REMAND

McCormick filed the ANOR on July 19, 2018. He avers that removal is proper because this Court has subject matter jurisdiction over the matter under 28 U.S.C. sections 1331 and 1337. He claims that 49 U.S.C. section 14706 ("the Carmack Amendment") provides a sufficient federal question to confer subject matter jurisdiction because it has been interpreted to allow for removal to federal court of the type of claims at issue here. ANOR at 3. Plaintiff disagreed. It filed its Remand Motion on July 27, 2018 and argued that: (1) Defendants' ANOR is defective, and (2) regardless of the Carmack Amendment, this Court has no jurisdiction because Plaintiff alleges only state-law claims. Remand Motion at 12-18, 19-22. The Court concludes that the ANOR was

not deficient and that the Court has jurisdiction over the matter pursuant to the Carmack Amendment.

### A. The Amended Notice of Removal was not Deficient

Throughout their various motions, the parties have spilled much ink over whether this matter was properly removed to federal court. The issue turns on a simple question with a not-so-simple answer: whether Plaintiff effected proper service on KEI CA.

As a rule, a defendant may remove a civil action brought in a state court to a district court when such an action could have been brought there originally—when the case presents a question of federal law or is between citizens of different states. 28 U.S.C. §1441; *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The removing party must also adhere to certain procedural rules, including the requirement that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. 1446(b)(2)(A). That rule applies, however, "only to defendants properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). The Ninth Circuit has held that "a party not served need not be joined." *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (three defendants who were not served did not need to join in the notice of removal) *superseded on other grounds by statute as stated in Ethridge v. Harbor House Restaurant*, 9th Cir.(Cal.), November 17, 1988.

It is undisputed that Defendants Kings Express LA, Inc., Tarwater, and McCormick have consented to the ANOR. ANOR at 5. It is also undisputed that Kings Express, Inc, an unknown business entity, has not been served, meaning removal is proper under section 1446(b)(2)(A) without its consent. The parties' disagreement centers on whether KEI CA, as a suspended corporation, needed to consent to removal and whether it was properly served when Kavaller purportedly accepted service on its behalf.

A corporation's capacity to sue or be sued is determined by the law of the state under which it was organized. Fed. R. Civ. P. 17(b)(2). In California, the State of KEI CA's incorporation, suspension under section 23301 "prohibits a corporation from taking any litigation action, including the filing of a responsive pleading or notice of removal." *Ferras v. Husqvarna Constr. Prod. N. Am., Inc.*, No. C 16-01081 SBA, 2016 WL 3547926, at *3 (N.D. Cal. June 30, 2016); *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1305–06 (1999) ("except for filing an application for tax-exempt status or amending the articles of incorporation to perfect that application or establish a new corporate name, a suspended corporation is disqualified from exercising *any right, power or privilege*") (internal quotations omitted) (emphasis added). A

suspended corporation cannot proceed with prosecuting or defending suit in any way until it obtains a certificate of revivor and is reinstated. *See City of Monterey v. Carrnshimba,* 215 Cal. App. 4th 1068, 1075 (2013). Since KEI CA was suspended, and was therefore barred from participating in this suit in any way, it could not have consented to removal. The Court is not aware of any authority that exempts suspended corporations from section 1446(b)(2)(A)'s requirement that each defendant, assuming it was properly served, must consent in order for removal to be proper.

Nonetheless, removal is proper in this case because Plaintiff never effected proper service on KEI CA. On July 5, 2018, after the Complaint was filed, Plaintiff's counsel and Kaveller participated in an email exchange wherein Kaveller informed Plaintiffs' counsel that he could accept email service on behalf of "Kings Express, Inc." ANOR at 4; (Declaration of Miles. L. Kavaller in Supp. of Motion to Be Relieved as Counsel for Defendant Kings Express, Inc, a California Corporation, Quash Service of Process on Defendant Kings Express, Inc., a California Corporation *Nunc Pro Tunc*, and Substitute Kings Express, Inc., a Minnesota Corporation in Lieu of Defendant King's Express, Inc, an Unknown Business Entity ("Kavaller Decl.") [Doc. # 20 at ¶ 20]). Neither party has indicated that Plaintiff served KEI CA in any way other than by email service on Kavaller.[1]

Despite Kavaller's purported acceptance of service on behalf of KEI CA, the Court concludes that he was not authorized to accept service for KEI CA. For an attorney to have authorization to accept service of process for a defendant, the attorney must have "express or implied authority to accept service of process on their behalf." *In re Smith*, 350 F. App'x 162, 163 (9th Cir. 2009) (*citing Rubin v. Pringle (In re Focus Media Inc.)*, 387 F.3d 1077, 1081, 1083 (9th Cir. 2004) (explaining that the critical inquiry in determining whether an attorney is authorized to accept service of process is whether the client acted in a manner that expressly or impliedly indicated the grant of such authority (internal quotations and citations omitted)). When the record does not establish that an attorney has authority to accept service, the Ninth Circuit has held that service on that attorney is insufficient. *See In re Smith*, 350 F. App'x at 163.

The record here does not establish that KEI CA expressly or impliedly authorized Kavaller to accept service. In fact, the record is replete with indications that Kavaller never actually represented KEI CA in the first place. *See e.g.,* ANOR at 4 ("the undersigned had no authority to accept service on [KEI CA's] behalf); Kavaller Decl. at ¶ 7 ("I had made a mistake and [KEI CA] was not my client"); Motion to Withdraw, Quash, and Substitute [Doc. # 20 at 10] (counsel

---

[1] In fact, Plaintiff does not dispute McCormick's assertion that Plaintiff made no effort to serve the person listed on the California Secretary of State's website as KEI CA's agent for service of process. *See* Opp. of Dennis McCormick to Motion of Plaintiff, Pro-Com Products, Inc. to Remand [Doc. # 25 at 5].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6035 DMG (SKx)** | Date | October 22, 2018 |
|---|---|---|---|
| Title | *Pro-Com Products, Inc. v. Kings Express LA, Inc., et al.* | Page | 6 of 14 |

mistakenly believ[ed] [KEI CA] was an existing client). Since Kavaller accepted service without authorization from KEI CA to do so, and since Plaintiff made no other attempt to serve KEI CA personally or through its designated agent, KEI CA was never properly served.

Therefore, because KEI CA is a named Defendant who has not been properly served, it need not consent to removal under 28 U.S.C. 1446(b)(2)(A). And because all other properly served Defendants in this case have consented or joined in removal, the ANOR is not deficient.

**B.      The Court Has Subject Matter Jurisdiction Over the Claims**

The Court also has jurisdiction to hear the claims at issue here. Ordinarily, federal question jurisdiction lies only when the plaintiff alleges on the face of its complaint that the claim arises under federal law, or the resolution of that claim depends on the answering of a "substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 28 (1983). There are, however "a handful of extraordinary situations" where well-pleaded state-law claims are construed to arise under federal law "for jurisdictional purposes." *Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 687 (9th Cir. 2007). A state-law claim, regardless of whether, as a practical matter, it implicates substantial questions of federal law "presents a federal question when a federal statute has completely preempted that particular area of law." *Id.* at 687. Relevant here, the Ninth Circuit has interpreted the Carmack Amendment to be the "exclusive cause of action for any interstate shipping contract claims," which "completely preempts state law claims alleging delay, loss, failure to deliver and damage to property." *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008). So long as the amount in controversy in a contract action against an interstate motor carrier exceeds $10,000, "the defendant may properly remove the case to federal court." *Id.*; *Hall*, 476 F.3d at 687 (such a claim "may be removed to district court under § 1441").

Here, the claims in the Complaint qualify for removal under the Carmack Amendment. The amount in controversy here far exceeds $10,000. *See* Complaint at ¶¶ 33, 37, 42. As for the claims themselves, Claim Three alleges that Defendants breached their contract with Plaintiff by "fail[ing] to perform the trucking and related services requested by Plaintiff," particularly failing to perform those services "in a timely manner," and failing to "deliver goods to the destination." *Id.* at ¶ 32. Claim Four alleges that Defendants "wrongfully stole[], [took] or disposed of, or otherwise converted" Plaintiff's goods. *Id.* at ¶ 36. Claim Five alleges that Defendants violated their "duty of reasonable care to avoid injury and harm to the Goods and personal property of Plaintiff." *Id.* at ¶ 40. Each of these claims demonstrates Plaintiff's action to be a contract action alleging delay, loss, failure to deliver or damage to property.

Ninth Circuit case law is also clear that the Carmack Amendment applies also to "fraud . . . claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery." *Hall*, 476 F.3d at 687 (citing *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1247 (11th Cir. 2002) (dismissing claims that carrier committed fraud by accepting shipments it "had no intention of fulfilling or attempting to deliver") (internal quotation marks omitted)). Plaintiff here alleges that contrary to Defendants' representations, Defendants agreed to perform shipping services for Plaintiff, in fact failed to perform or had no intention of performing those services, causing harm to Plaintiff. *See* Complaint at ¶¶ 13-15. Based on the Complaint's language, Plaintiffs allegations pertaining to Claims One and Two (the Fraud/Deceit and Negligent Misrepresentation claims) appear to be the type of fraud arising from "misrepresentations as to the conditions of delivery or failure to carry out delivery" that *Hall* interpreted Carmack to cover.

Plaintiff also contends that this Court lacks jurisdiction under Carmack because Defendants are not actually motor carriers despite holding themselves out to be motor carriers, and that therefore claims against them are not covered by the Carmack Amendment. Remand Motion at 22; Reply Mem. in Supp. of Mot. to Remand ([Doc. # 39 at 6-7]). The Court disagrees.

Plaintiff cites *Delta Stone Prod. v. Xpertfreight*, 304 F. Supp. 3d 1119, 1127 (D. Utah 2018), for the proposition that if a company that holds itself out to be a motor carrier, but is actually a "broker," it is not covered by the Carmack Amendment. Reply Mem. in Supp. of Mot. to Remand at 6-7; *see also Delta Stone Prod.*, 304 F. Supp. at 1127 ("Because Carmack Amendment liability applies only to carriers, and since brokers are not carriers, brokers like Xpertfreight are not liable for damage to property under the Carmack Amendment"). The *Delta Stone* court, however, based this distinction on the fact that the "broker" in question "did not take possession of the" freight and did not "transport it at any time." *Delta Stone Prod.*, 304 F. Supp. at 1127. In contrast, the Complaint at bar implies, if not states, that Defendants came into possession of the freight at various times. *See* Complaint at ¶¶ 32 ("KINGS . . . in some cases ke[pt] or abandon[ed] the Goods itself), 36 ("KINGS and DEFENDANT PRINCIPLES . . . wrongfully stole[], t[ook] or disposed of, or otherwise converted said Goods"). The Court concludes that, even if it were to distinguish between motor carriers and brokers for the purpose of removal jurisdiction under the Carmack Amendment, the Complaint fails to allege that Defendants were truly only brokers under the *Delta Stone* analysis.

The Court therefore determines it has removal jurisdiction over Plaintiff's claims under the Carmack Amendment. Because McCormick's ANOR was not deficient and the Court has jurisdiction over Plaintiff's claims, removal was proper. Plaintiff's Remand Motion is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-6035 DMG (SKx) | Date | October 22, 2018 |
|---|---|---|---|
| Title | *Pro-Com Products, Inc. v. Kings Express LA, Inc., et al.* | Page | 8 of 14 |

## III.
## MOTION TO QUASH SERVICE

On August 6, 2018, Kavaller and McCormick filed a tripartite motion seeking to obtain Kaveller's withdrawal as counsel for KEI CA, quash service of process on KEI CA, and substitute KEI MN into the action.[2] Despite the Court's determination for purposes of the Remand Motion that KEI CA was improperly served, the Court **DENIES** the motion to quash service for lack of standing and because the movants are prohibited by California law from taking action on behalf of a suspended corporation.

First, the motion to quash service is likely moot, because the Court has found that Plaintiff did not properly effect service upon KEI CA.

Second, even if the motion to quash is not moot, Plaintiff is correct that a summons is "personal to the person to whom it is directed and strangers have no standing either to substitute themselves for the person to whom it is directed, or to quash it. *Albachten v. Corbett*, 156 F. Supp. 863, 864 (S.D. Cal. 1957); *see also Bates v. United States,* 324 F. App'x 630 (9th Cir. 2009) (holding that district court correctly concluded that defendants lacked standing to challenge summonses that named third parties). Here, Plaintiff attempted to serve process on KEI CA, not Kavaller or McCormick. Neither Kavaller nor McCormick have standing to quash service on behalf of KEI CA—only KEI CA does. The movants therefore lack standing to bring the motion to quash.

Their motion must also be denied on additional grounds: they are barred from taking any action on behalf of KEI CA. Under California Revenue and Taxation Code section 19719:

> [a]ny person who attempts or purports to exercise the powers, rights, and privileges of a corporation that has been suspended pursuant to Section 23301 or who transacts or attempts to transact intrastate business in this state on behalf of a foreign corporation, the rights and privileges of which have been forfeited pursuant to the section, is punishable by a fine of not less than two hundred fifty dollars ($250) and not exceeding one thousand dollars ($1,000), or by imprisonment not exceeding one year, or both fine and imprisonment.

Because the statute extends criminal liability to "any person" who attempts to exercise the rights of a suspended corporation, "attorneys would be subject to such criminal liability." *Ferras*,

---

[2] Precisely who Defendants wish to substitute KEI MN for is unclear based on the papers. The Court will address this aspect of the Motion to Withdraw, Quash, and Substitute in a separate section.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6035 DMG (SKx)** | Date | October 22, 2018 |
|---|---|---|---|
| Title | *Pro-Com Products, Inc. v. Kings Express LA, Inc., et al.* | Page | 9 of 14 |

2016 WL 3547926, at *4; *Beltran v. Capitol Records*, LLC, No. 12-CV-1002 YGR, 2013 WL 968248, at *3 (N.D. Cal. Mar. 12, 2013) ("Section 19719 of the Revenue and Taxation Code made it an offense punishable by fine or imprisonment for a person to attempt to exercise the rights and privileges of a corporation suspended under Section 23301"). The potential criminal implications of Kavaller and McCormick's motions filed on behalf of KEI CA are beyond the scope of the issues before the Court. Nonetheless, moving forward, Defendants and Defendants' counsel are admonished to take greater care in the actions they undertake on behalf of suspended corporations.

KEI CA is barred from taking any action in this matter until its suspension is lifted and counsel cannot act on its behalf in this matter. For that reason, and because the movants lack standing to move to quash service on KEI CA, their motion to quash service is **DENIED**.

## IV.
## MOTION TO SUBSTITUTE

Kavaller and McCormick also move to substitute KEI MN into the action in lieu of one of the other KEI Defendants. It is unclear, however, which KEI Defendant they want KEI MN to replace. The motion's caption states it is a motion to "substitute [KEI MN] in lieu of Defendant Kings Express, Inc. an unknown business entity." *See* Motion to Withdraw, Quash, and Substitute. The body of that motion, on the other hand, states that Defendants wish to substitute KEI MN in for KEI CA. *See id.* at 11. In either event, the Court will not permit substitution.

Plaintiff is the master of its complaint and is free to choose whom to sue. *Heichman v. Am. Tel. & Tel. Co.*, 943 F. Supp. 1212, 1221 (C.D. Cal. 1995); *Kirakosian v. J & L.D. Sunset Wholesale & Tobacco*, No. 216CV06097CASPLA, 2017 WL 1380405, at *2 (C.D. Cal. Apr. 13, 2017). In its opposition to the motion to substitute Plaintiff indicates that it does not wish to sue KEI MN. [Doc. # 30 at 24]. Allowing McCormick and Kavaller to replace a Defendant that Plaintiff wishes to sue with a Defendant that Plaintiff does not wish to sue would prevent Plaintiff from controlling its own claims.

The movants also argue that the Court may, *sua sponte*, "add or drop a party." Motion to Withdraw, Quash, and Substitute at 11; *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015). The Court declines to do so here because it is unclear which party movants seek to drop. The Court **DENIES** the motion to substitute, without prejudice to the parties stipulating to a substitution or Plaintiff moving to substitute a proper party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-6035 DMG (SKx) | Date | October 22, 2018 |
|---|---|---|---|
| Title | *Pro-Com Products, Inc. v. Kings Express LA, Inc., et al.* | Page | 10 of 14 |

# V.
# MOTION TO WITHDRAW

Kavaller moves to withdraw as KEI CA's attorney of record in the case because, as discussed above, the record indicates he never represented KEI CA. An attorney seeking to withdraw from representing a client must seek leave of court to do so through a formal motion with notice provided to the client and all other parties. C.D. Cal. L.R. 83-2.3.2. That motion must show that the attorney has good cause to withdraw. *Id.* When the client is an organization, the withdrawing attorney must give written notice to the organization of the consequences of its inability to appear pro se. C.D. Cal. L.R. 83-2.3.4.

The decision to grant or deny a motion to withdraw is ultimately within the Court's discretion. *Andrews v. Jung*, No. C 12-04614 LB, 2013 WL 1694808, at *1 (N.D. Cal. Apr. 18, 2013). Courts often weigh the following factors when determining whether to grant or deny a withdrawal motion: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, No. CV07-6594 PSG (AGRX), 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008).

Here, good cause exists for Kavaller to withdraw because, despite being listed on the Court's docket as counsel for KEI CA, as discussed above, he never actually represented KEI CA. Kavaller's official withdrawal as KEI CA's counsel of record would bring the Court's docket into line with the reality of the parties' representation.

It is undisputed, however, that Kavaller has not satisfied the notice requirement in Local Rule 83-2.3.4. Instead, he requests that the Court waive the notice requirement and permit him to withdraw nonetheless. Motion to Withdraw, Quash, and Substitute at 10. The Court does not take lightly the waiver of a requirement in the Local Rules, but because good cause for withdrawal exists and no prejudice or delay will result, the Court exercises its discretion to waive the notice requirement in this case.

Under the first of the factors articulated by the *Nedbank* court, withdrawal is sought because Kavaller does not actually represent KEI CA. As stated above, the Court finds this reason compelling. Under the second factor, prejudice to other litigants, no other Defendant has voiced a concern about the withdrawal. Plaintiff objects to the withdrawal on the ground that KEI CA will be forced to proceed unrepresented by counsel. It is true that Kavaller's withdrawal will leave KEI CA without an attorney of record, but so long as it remains suspended and has not been subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-6035 DMG (SKx) | Date | October 22, 2018 |
|---|---|---|---|
| Title | *Pro-Com Products, Inc. v. Kings Express LA, Inc., et al.* | Page | 11 of 14 |

to proper service of process, it cannot defend itself or otherwise participate in the lawsuit anyway.[3] Plaintiff also contends it will suffer harm because, were KEI CA represented by counsel, the Court and Plaintiff could recognize it for the purposes of discovery and service of process. Plaintiff provides no authority, however, indicating that suspended corporations cannot receive discovery requests and service of process. Plaintiff also has failed to provide any authority permitting attorneys to represent suspended corporations in discovery matters during periods of suspension.

As for the third factor, withdrawal would not harm the administration of justice in this matter. Plaintiff contends that Kavaller's withdrawal would cause harm because it would prevent KEI CA from defending itself in the action, Opp. to Motion to Withdraw, Quash, and Substitute at 19, but KEI CA is barred from defending itself not by the absence of counsel, but by its suspended status. Kavaller's representation or nonrepresentation of KEI CA does not change that.

Finally, there will be little, if any, delay after Kavaller withdraws. KEI CA will likely be dismissed from this action soon unless it can be properly served.

The Court therefore exercises its discretion to **GRANT** Kavaller's motion to withdraw.

## VI.
## MOTION TO DISMISS

Defendant McCormick filed his Motion to Extend Time to File Motion to Dismiss and Motion to Dismiss Complaint for Failure to State a Claim on August 3, 2018.[4] In the motion, he alleges that Plaintiff's claims against him should be dismissed because they are preempted by the Carmack Amendment. Memorandum in Support of Defendant Dennis McCormick to Extend Time to File Motion to Dismiss and Motion to Dismiss Complaint for Failure to State a Claim ("Motion to Dismiss") [Doc. # 19-1 at 3-4).

---

[3] Indeed, under Federal Rule of Civil Procedure 4(m), KEI CA is subject to dismissal if it has not been served within 90 days after the filing of the complaint.

[4] To allow the Court to address all of the various motions before it at once, the Court **GRANTS** the motion to extend time to file the motion to dismiss. In the future, however, the parties shall avoid submitting request for continuance or extension of time less than five court days prior to the expiration of the scheduled date. *See* Initial Standing Order at 11 ("A request to continue or extend dates or deadlines that have already expired is presumptively a lack of due diligence.") [Doc. # 7]; Judge Gee's Procedures and Schedules at ¶ 7, United States District Court, Central District of California website.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-6035 DMG (SKx) | Date | October 22, 2018 |
|---|---|---|---|
| Title | *Pro-Com Products, Inc. v. Kings Express LA, Inc., et al.* | Page | 12 of 14 |

If a plaintiff's claims are preempted by the Carmack Amendment, courts dismiss the claims outright. *White v. Mayflower Transit, LLC*, 481 F. Supp. 2d 1105, 1109 (C.D. Cal. 2007), *aff'd sub nom. White v. Mayflower Transit, L.L.C.*, 543 F.3d 581 (9th Cir. 2008) ("the Court GRANTS defendant's motion to dismiss on the grounds that plaintiff's claims are preempted by the Carmack Amendment."); *Wright v. Neptune Soc'y of Cent. California, Inc.*, No. CV F 07 0117 LJO TAG, 2007 WL 963302, at *3 (E.D. Cal. Mar. 29, 2007) (Plaintiff's "claims . . . are hereby DISMISSED because they are preempted by the Carmack Amendment."); *Newens v. Orna Servs., Inc.*, No. C 02-01570 CRB, 2002 WL 1310734, at *4 (N.D. Cal. June 10, 2002) ("Plaintiff's . . . claims for relief are hereby DISMISSED because they are preempted by the Carmack Amendment.").

As explained in Section II, the Carmack Amendment preempts all of Plaintiff's claims. *See Hall,* 476 F.3d at 687.

Plaintiff also renews the argument that none of the defendants are really motor carriers under the meaning of the Carmack Amendment, regardless of their representations to the contrary.[5] Plaintiff contends that since Defendants are not actually carriers, the Carmack Amendment cannot preempt its claims. Opp. to Motion to Dismiss at 9-11. Despite these allegations in the motion papers, "a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). When looking at the Complaint, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id*.

The allegations in the Complaint as to whether Defendants are carriers are at best contradictory, and at times indicate that Defendants are in fact carriers under the Carmack Amendment. Indeed, Plaintiff admits that the Complaint falls short of "spell[ing] out the theory" that Defendants' representations of themselves as "legitimate motor carriers" were fraudulent. Opp. to Motion to Dismiss at 10-11. Plaintiff does allege that Defendants "represented to Plaintiff" that "KINGS was a motor carrier," Complaint at ¶ 12, and that "contrary to" those representations "KINGS contracted with various 3rd part[ies]" for motor carriage services," *Id.* at ¶ 13. But

---

[5] Plaintiff indicates that, given the chance to amend the Complaint, it is prepared to allege that Defendants McCormick and Tarwater intentionally held themselves out to Plaintiff as motor carriers for the purpose of engaging in an improper scheme wherein McCormick and Tarwater used various corporate entities to entice customers into entrusting goods to them. Opp. to Motion to Dismiss at 10-14. Plaintiff also indicates it is prepared to allege that McCormick and Tarwater are the alter egos of these corporate entities and therefore should be personally liable for the alleged damages. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-6035 DMG (SKx) | Date | October 22, 2018 |
|---|---|---|---|
| Title | *Pro-Com Products, Inc. v. Kings Express LA, Inc., et al.* | Page | 13 of 14 |

Plaintiff also alleges that the parties "entered into [a] written contract" for "trucking and related services with an agreed delivery date," and that Defendants took Plaintiff's goods, kept those goods, "stopped and caused to cease the shipment" of those goods, and otherwise failed to deliver the goods. *Id.* at ¶¶ 14, 30, 32, 36.

A motor carrier is defined by the Carmack Amendment to be "a person providing motor vehicle transportation for compensation." 49 U.S.C.A. § 13102; *see also Meadowgate Techs., LLC v. Fiasco Enterprises, Inc.*, No. 17CV230-LAB (KSC), 2018 WL 1400678, at *4 (S.D. Cal. Mar. 20, 2018) (a business is a carrier "if it provided the kinds of services a carrier provides"). While the Complaint alleges in conclusory fashion that Defendants, including McCormick, are not actually carriers, Plaintiff's more developed allegations, described above, charge that Defendants provided the types of services—even if they might have breached their contractual duties in doing so—that a carrier provides: taking goods and shipping them to a destination in exchange for payment. Therefore the allegations in the Complaint are insufficient for the Court to conclude that Defendants were not actually motor carriers under the Carmack Amendment. As such, the Court must dismiss Plaintiff's claims against McCormick as preempted.

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)). Plaintiff has indicated it is prepared to make new factual allegations that may clarify its theory of the case if the Court permits it to amend the Complaint. *See* Opp. to Motion to Dismiss at 10-11. Therefore the Court **GRANTS** McCormick's Motion to Dismiss, but does so with leave for Plaintiff to amend the Complaint by curing the defects described above and including any new factual allegations pertaining to its theory of alter ego liability.

## VI.
## CONCLUSION

In light of the foregoing, the Court:

1. **DENIES** Plaintiff's Motion to Remand;

2. **DENIES** Plaintiff's Motion to Strike Amended Notice of Removal;

3. **DENIES** Kavaller's and McCormick's Motion to Quash Service;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6035 DMG (SKx)** | Date | October 22, 2018 |
|---|---|---|---|
| Title | ***Pro-Com Products, Inc. v. Kings Express LA, Inc., et al.*** | Page | 14 of 14 |

4. **DENIES** Kavaller's and McCormick's Motion to Substitute Parties;

5. **GRANTS** Kavaller's Motion to Withdraw;

6. **GRANTS** McCormick's Motion to Dismiss, with leave to amend within 21 days of the date of this Order;
and

7. Defendants shall file their response within 21 days after Plaintiff has filed its amended complaint.

**IT IS SO ORDERED.**